Christopher J. Reichman SBN 250485
Justin Prato SBN 246968
PRATO & REICHMAN, APC
3675 Ruffin Road, Suite 220
San Diego, CA 92123
Telephone: 619-683-7971
chrisr@prato-reichman.com
justinp@prato-reichman.com

Attorneys for Class and Named Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM,<br><br>Defendants.. | Case No.: 3:23-cv-2184 TWR-DDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S EX PARTE MOTION FOR EXTENSION OF RESPONSIVE PLEADING DEADLINE** |

**OPPPOSITION**

Defendant Charter Communications, Inc. d/b/a Spectrum ("Charter") has moved on an ex parte basis to continue the responsive pleading deadline thirty (30) days. Plaintiff hereby opposes on the ground that Defendant has not elucidated good cause, "with a particular focus on the diligence of the movant and any

- 1 -
Request To Set Aside Default Against All Defendants

prejudice that may result in the absence of the requested *ex parte* relief." Honorable Todd W. Robinson, United States District Judge, *Standing Order For Civil Cases*, p. 5.

Defendant complains loudly about service of process issues, but admits that it had actual notice of the lawsuit against it by at least March 21, 2024, and was unquestionably properly served via personal service on March 26, 2024. [Defendant's Ex Parte Motion ("Deft. Mtn."), ¶¶ 5-6, 13]. The responsive pleading deadline is April 17, 2024. Defendant has not stated any good cause to delay that deadline beyond the desire to do more investigation which would apply to every defendant ever and render every responsive pleading deadline moot. And Defendant's motion ignores the *Standing Order For Civil Cases* and says not one word establishing the diligence of Defendant or how the absence of the requested relief matters. Indeed, Defendant filed two affidavits, but neither one of them says anything about any due diligence Defendant has engaged in.

Defendant instead just complains and spins a story about a service of process kerfluffle between counsel reliant on adjectives rather than facts as if that somehow makes up for good cause and attention to legal standards in an *ex parte* motion. To the extent the Court cares about this dispute of counsel that has no effect on whether there is good cause for a continuance and the requisite support this Court requires for an ex parte motion, Plaintiff will detail it in the

Request To Set Aside Default Against All Defendants

accompanying declaration and not waste the Court's time if the Court, like Plaintiff, does not see this as relevant here.

      Defendant here claims the good cause is a desire to investigate further, other unidentified "deadlines and commitments", and a claim that a simple TCPA case about calls being from a few years ago somehow makes investigation more time consuming, but not explaining how or why. Wanting more time to investigate is not good cause, it is just a vague general desire untethered to the deadline at issue, and simply put discovery is the time to fully investigate the case. Equally, unidentified other deadlines are something every attorney has in literally every case and are the norm, not good cause. Defendant has not explained how the events occurring a couple years ago matters. And, Defendant's citations to showing of good cause are unavailing because the parties there stipulated to requesting extensions in part to explore settlement, which can be a good cause, but the parties here have not stipulated nor are they in active settlement talks, and frankly the Southern District's Early Neutral Evaluation program after the responsive pleading deadline is often the best way to kick start serious settlement talks. *See*, *Fernandez v. Progressive Mgmt. Sys.*, 2021 WL 3929647, at *1 (S.D. Cal. Sept. 1, 2021) ("explore potential early settlement"); *Riccio v. Lincoln Life Assurance Co. of Bos.*, 2021 WL 3929661, at *1.

The Court's *Standing Order For Civil Cases* requires ex parte moving papers to address the good cause "with a particular focus on the diligence of the movant and any prejudice that may result in the absence of the requested *ex parte* relief." Here, there is just a conclusory statement about diligence, no particular focus on what diligence has been done. [Deft. Mtn. ¶ 16]. In fact, to the contrary, Charter claims, "most of Charter's time on this matter thus far has been dealing with service and default issues", however those issues were all rendered moot on March 26, 2024, when Charter admits it got what it wanted and Plaintiff unilaterally set aside default and served process for a second time on Charter's preferred registered agent. [Id.]. In moving to continue a responsive pleading deadline, due diligence is what Charter has done in the time since March 26, 2024, not what happened before. When Charter says it spent most of its time on this matter dealing with issues before March 26, 2024, it is essentially admitting it has spent very little time doing any due diligence.

And. Again, Defendant's motion nowhere identifies any prejudice that may befall it by having to answer a Complaint in the normal timeline set by the normal rules. The vague claim to desiring more investigation is not affected since denying the ex parte motion will not divest Charter of any normal discovery time or tools. Simply put, there is no prejudice from requiring Charter to follow normal court timelines.

For all the foregoing reasons, Plaintiff opposes the ex parte application to continue the normal responsive pleading deadline set by the Federal Rules of Civil Procedure.

DATED: April 14, 2024  **PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff,
Paul Sapan and the putative class